**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BREVARD COUNTY, FLORIDA,**

    **Plaintiff,**

-vs-                  Case No. 6:09-cv-1695-Orl-31KRS

**PRICELINE.COM, INC., TRAVELWEB, LLC, TRAVELOCITY.COM, L.P., SITE59.COM, LLC, EXPEDIA, INC., HOTELS.COM, L.P., HOTWIRE, INC., TRIP NETWORK, INC. d/b/a Cheap Tickets, and ORBITZ, LLC,**

    **Defendants.**

_____

# ORDER

This matter came before the Court without oral argument upon consideration of the Motion to Dismiss (Doc. 9) (the "Motion") filed by Defendants Priceline.com, Inc., Travelweb, L.L.C., Travelocity.com, L.P., Site59.com, L.L.C, Expedia, Inc., Hotels.com, L.P., Hotwire, Inc., Trip Network, Inc. and Orbitz, L.L.C. (collectively, "Defendants"). Plaintiff, Brevard County, Florida ("Plaintiff" or "County"), filed a response in opposition to the Motion (Doc. 25).

**I. Overview**

On October 2, 2009, Plaintiff brought suit alleging, *inter alia*, that Defendants have failed to remit Tourist Development Taxes ("TDT") imposed on the lease or rental of hotel rooms (*see generally* Doc. 1).[1] Count I of the Complaint asserts a claim for failure to remit TDT pursuant to

---

[1] Plaintiff's case is nearly identical to twelve other suits that have been brought by Florida municipalities in the last few years and is similar to some forty-five other cases that have been filed

BREVARD COUNTY, FLA., CODE § 102-118. Count II asserts a common law claim for unjust enrichment predicated on Defendants' violation of BREVARD COUNTY, FLA., CODE § 102-118. Count III asserts a common law claim for conversion that is also predicated on BREVARD COUNTY, FLA., CODE § 102-118. And Count IV asserts a "claim" for injunctive relief.

Plaintiff alleges that Defendants are online travel companies who take title to hotel rooms at negotiated wholesale rates and then lease the rooms to consumers at higher retail rates (Doc. 1, ¶¶ 2 and 30). While the hotels collect and remit TDT on the wholesale rates charged to Defendants, Defendants do not remit TDT on the higher retail rates that they charge to consumers (Doc. 1, ¶¶ 31and 32). However, Defendants allegedly charge and collect TDT from consumers at the higher retail rate and retain the TDT for themselves (Doc. 1, ¶¶ 32 and 40).

In their Motion, Defendants contend that the Complaint fails to establish that their transactions are subject to taxation, that they have a duty to collect or remit TDT, or that Plaintiff is entitled to a permanent injunction. Defendants therefore move to dismiss the entire complaint pursuant to FED. R. CIV. P. 12(b)(6).

## II. Subject Matter Jurisdiction

The Court has reviewed the allegations in the Complaint and issued an order to show cause regarding the citizenship of certain Defendants' partners or limited liability members in accordance with *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990) and *Rolling Greens MHP, L.P. v.*

---

against Defendants and other online travel companies throughout the country (*see* Docs. 5 and 23). The Court has reviewed a number of these cases, including, in particular, *Monroe County, Fla. v. Priceline.com, Inc.*, Case No. 09-cv-10004 (S.D. Fla. 2009), *Orange County v. Expedia, Inc.*, 985 So. 2d 622 (Fla. 5th DCA 2008), and *Leon County, Fla. v. Hotels.com, LP*, Case No. 06-cv-21878 (S.D. Fla. 2006).

*Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020 (11th Cir. 2004).[2] No Defendant is a citizen of the State of Florida and the Complaint alleges that the amount in controversy exceeds $75,000.

Accordingly, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## III. Applicable Law

### A. Standard of Review

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to

---

[2] *See* Doc. 35 and the response thereto at Doc. 36.

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1950-1951 (2009).

### B. Statutory Construction – Tax Statutes

In Florida, it is a fundamental principle of statutory construction that, where a statute is plain and unambiguous, the statute must read according to its plain and ordinary meaning. *Forsythe v. Longboat Key Beach Erosion Control. Dist.*, 604 So. 2d 452, 454 (Fla. 1992). However, it is "axiomatic that all parts of a statute must be read together in order to achieve a consistent whole," and "[w]here possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another." *Id.* at 454-55.

When a word has both a common and a technical meaning, courts should generally give effect to the common meaning unless the profession to which the technical term belongs is the legal profession. *City of Tampa v. Thatcher Glass Corp.*, 445 So. 2d 578, 579 n. 2 (Fla. 1984). Terms of special legal significance are presumed to have been used by the Legislature according to their legal meanings. *Id*. (citing, *inter alia*, *Davis v. Strople*, 30 So. 2d 468 (Fla. 1949)).

With respect to tax statutes, any ambiguities must be construed in favor of the taxpayer and against the government. *Gilreath v. Westgate Daytona, Ltd.*, 871 So. 2d 961, 966 (Fla. 5th DCA 2004) (citation omitted); *Assocs. Commercial Corp. v. Sel-O-Rak Corp.*, 746 F.2d 1441 (11th Cir. 1984) (citation omitted); *Harbor Ventures, Inc. v. Hutches*, 366 So. 2d 1173, 1174 (Fla. 1979) (citing *Maas Brothers Inc. v. Dickinson*, 195 So. 2d 193 (Fla. 1967)).

### C. The Tourist Development Tax

In Florida, a municipality has no authority to impose any tax, other than ad valorem taxes, absent express authorization from the legislature. FLA. CONST. art. VII, §§ 1(a), 9(a); *see also*, *e.g.*, *Alachua County v. Adams*, 702 So. 2d 1253 (Fla. 1997); *Gilbreath*, 871 So. 2d at 966 (Fla. 5th DCA 2004) ("Counties do not possess inherent power to tax; the legal authority of a county to tax must derive from the state").

Accordingly, Brevard County's ordinance must be read in light of FLA. STAT. § 125.0104, which, in pertinent part, provides:

> **(3) Taxable privileges; exemptions; levy; rate. --**
>
> (a) 1. It is declared to be the intent of the Legislature that every person who rents, leases, or lets for consideration any living quarters or accommodations in any hotel . . . is exercising a privilege which is subject to taxation under this section. . .
>
> (b) . . .[A]ny county in this state may levy and impose a tourist development tax on the exercise within its boundaries of the taxable privilege described in paragraph (a) [*supra*]. . .
>
> (c) The tourist development tax shall be levied, imposed, and set. . .at a [percentage] of each dollar and major fraction of each dollar of the total consideration charged for such lease or rental. . .
>
> (e) The tourist development tax shall be in addition to. . .all other taxes and fees and the consideration for the rental or lease.
>
> (f) The tourist development tax shall be charged by the person receiving the consideration for the lease or rental, and it shall be collected from the lessee, tenant, or customer at the time of payment of the consideration for such lease or rental.
>
> (g) The person receiving the consideration for such rental or lease shall receive, account for, and remit the tax to the Department of Revenue. . .
>
> (k) The Department of Revenue shall promulgate such rules. . .as may be necessary to effectuate the purposes of this section. . .

> **(8) Prohibited acts; enforcement; penalties. --**
>
> (a) Any person who is taxable hereunder who fails or refuses to charge and collect from the person paying any rental or lease the taxes herein provided, either by himself or herself or through agents or employees, is. . .personally liable for the payment of the tax. . . .

FLA. STAT. §§ 125.0104(3), (8).

Because the legislature empowered the Florida Department of Revenue to promulgate regulations implementing Section 125.0104, those regulations should be given considerable weight. *State ex rel. Szabo Food Servs., Inc. of N.C. v. Dickinson*, 286 So. 2d 529, 531 (Fla. 1973) ("The administrative rules interpreting [a tax statute], although made by an extra-judicial body, should be accorded considerable persuasive force before any court called upon to interpret the statute. Courts generally will not depart from such construction unless it is clearly erroneous or unauthorized") (citation omitted). The Department of Revenue's regulations provide, *inter alia*:

> Rentals, Leases, and Licenses to Use Transient Accommodations.
>
> (1) [E]very person is exercising a taxable privilege when engaging in the business of renting, leasing, letting, or granting licenses to others to use transient accommodations, unless the rental charges or room rates are specifically exempt. . .
>
> (2) (e) "Rental charges or room rates" means the total consideration received solely for the use or possession, or the right to the use or possession, of any transient accommodation. . . .

FLA. ADMIN. CODE. ANN. r. 12A-1.061 (current through Jan. 15, 2010).

## IV. Analysis

### Count I

On its face, the plain and ordinary meaning of Section 125.0104 is that Florida's counties may impose a tax on the total "consideration" charged for the "lease or rental" of a hotel room.

"Consideration" is a well-known legal term that connotes something received by a promisor from a promisee pursuant to, or arising out, of a contract. BLACK'S LAW DICTIONARY 324 (8th ed. 2004). A "lease" is also a common legal term that implies certain distinct interests in real property, including, for example, a lessee's present right of possession and right to quiet enjoyment as well as a lessor's right of reversion and perfect title. *Burnette v. Thomas*, 349 So. 2d 1208 (Fla. 2d DCA 1977); 34 FLA. JUR. LANDLORD AND TENANT § 14 (current through Feb. 1, 2010). Given the use of these terms and the privilege subject to taxation, Section 125.0104 clearly contemplates a tax on short-term leaseholds or, more specifically, a tax on the total consideration paid by a consumer for the right to use or possess a hotel room.

Brevard County's Ordinance closely and fairly tracks Section 125.0104. It unambiguously imposes a tax on the "total consideration charged every person who rents, leases, or lets any living quarters or accommodations" in a hotel. BREVARD COUNTY, FLA., CODE § 102-118. Like Section 125.0104, the tax must be charged by "the person receiving the consideration for the lease or rental" and is "collected from the lessee, tenant, or customer at the time of payment of the consideration of such lease or rental." *Id*. at § 102-118(1). In addition to collecting the tax, the person receiving the consideration for the lease must also remit the tax. *Id*. at § 102-118(2).

As noted, *supra*, the import of the Complaint is that Defendants purchase or lease hotel rooms at a wholesale rate and then sell or re-let the rooms at a higher retail rate, the difference being Defendants' gross profit. Defendants collect TDT on the retail rate they charge consumers, but only the wholesale rate is used in calculating the tax due, and that tax is remitted by the hotels – not Defendants.

Upon review, the Court concludes that Plaintiff has stated a claim for relief under the ordinance. Taking the allegations in the Complaint as true, Defendants purchase, lease or otherwise have a possessory interest in the hotel rooms that they then lease or re-let to consumers through their web sites. Those transactions clearly amount to "receiving consideration" for the "lease or rental" of hotel rooms and are therefore subject to taxation under the ordinance. While Defendants contend that they are not lessors and do not have the right to use or possess any hotel rooms, those factual contentions are contradicted by a fair reading of the Complaint and are entirely inapposite on a motion to dismiss. Accordingly, Defendants' Motion will be denied with respect to Count I.

**Count II**

Count II purports to assert a common law claim for unjust enrichment predicated on Defendants' alleged failure to remit TDT (Doc. 1, ¶¶ 51-52). The relief sought in Count II is identical to that sought in Count I: remission of the collected taxes, plus interest and penalties. (Doc. 1, ¶¶ 45-46).

Upon review, Count II will be dismissed. While the plaintiff is the "master of its complaint" and may plead alternative (and even inconsistent) claims, FED. R. CIV. P. 8(d)(2), Count II is duplicative of – and entirely dependent on – Count I. Indeed, assuming Plaintiff fails to prevail on Count I, Count II will necessarily fail as a matter of law. On the other hand, if Plaintiff prevails on Count I, its damages under both counts will be identical. Furthermore, the statute of limitations on both counts appears to be the same. *See* FLA. STAT. § 95.11(3). Absent, then, some additional remedy or other distinction between Count I and Count II, Count II is superfluous and

should therefore be dismissed. Plaintiff may seek leave, however, to clarify the importance of this claim in light of Count I and its demand for relief.

### **Count III**

Count III purports to assert a common law claim for conversion predicated on Defendants' failure to remit TDT (Doc. 1, ¶ 56). Once again, the relief sought in Count III appears to be identical to that sought in Counts I and II.

For the reasons, *supra*, the Court finds that Count III, as currently pled, is also duplicative of Count I and should therefore be dismissed.

### **Count IV**

Notwithstanding Plaintiff's demand for a permanent injunction in its prayer for relief (Doc. 1 at 13), Count IV purports to assert a free-standing "claim" for injunctive relief.

Count IV will be dismissed with prejudice. Apart from the fact that Plaintiff has failed to allege any facts in support of its conclusory allegation that it has "no adequate remedy at law" to address Defendants' failure to remit TDT (Doc. 1, ¶ 63),[3] an injunction is fundamentally not a "claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). An injunction is a remedy. *See*, *e.g.*, *Pierson v. Orlando Regional Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1288 (M.D. Fla. 2009) ("an injunction is not a cause of action but a remedy") (citations omitted). Accordingly, Count IV will be dismissed with prejudice. If injunctive relief is appropriate, Plaintiff may act on its demand for such relief by filing an appropriate motion.

---

[3]Nor likely can it make such an allegation, given that – as Judge Moore recognized in his well-reasoned order on a nearly identical claim – Plaintiff is seeking a permanent injunction pursuant to its taxing power and not its police powers. *See County of Monroe, Fla.*, 2009 WL 4890664 at *6 (S.D. Fla. Dec. 17, 2009).

## V. Conclusion

For the foregoing reasons, it is **ORDERED** that Defendants' Motion to Dismiss (Doc. 9) is **GRANTED** in part and **DENIED** in part. Counts II and III are hereby **DISMISSED** without prejudice and Count IV is **DISMISSED** with prejudice. Assuming Plaintiff can articulate some basis for distinguishing Counts II and III from Count I, it may seek leave to file an amended complaint that re-asserts these claims.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 24, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE